## GEORGE BUHLE
### v.
### E. AND L. H. HARLAND.

*Master and Servant — Negligence of Master—Personal Injuries—Unprotected Cogs—Assumption of Risk.*

1. A master is bound to furnish his servant with a reasonably safe place in which to work, and to use reasonable care to protect him from dangerous machinery.

2. A servant waives such obligations upon the part of his employer, by remaining in a position known by him to be dangerous, without any promise on his employer's part to remedy the same.

[Opinion filed November 11, 1890.]

Buhle v. Harland.

IN ERROR to the Circuit Court of Cook County; the Hon. GEORGE DRIGGS, Judge, presiding.

Mr. JOHN C. KING, for plaintiff in error.

Messrs. FREDERICK ARND and SEARS & ARND, for defendants in error.

MORAN, P. J.  This action was brought to recover damages for injury sustained by plaintiff in error, by having his hand caught and mangled in a cog wheel while in the employ of defendants in error.  The evidence tended to show that plaintiff in error, who was plaintiff below, had been employed by defendants for some three months at the same work, which consisted of dumping clay into a hopper, to be ground up for the purpose of making brick.  This work was done on a platform, which was elevated some thirteen feet above the ground.  The means of access to this platform consisted of a ladder, made by nailing cross-pieces upon an upright post, which was part of the frame work of the platform.  At the top of the post, and about two feet from where a person climbing the post on this cross-piece ladder would pass were cog wheels, which operated the grinding machinery in the hopper on the platform.  Plaintiff had climbed up the post to the platform several times a day for the space of three months or more, and knew of the situation of the cog wheels with relation to the ladder post, and that they were entirely unfenced and unprotected, and if they were dangerous to any one going up the ladder to the platform, he was as fully advised of it as were the defendants.

On July 30, 1887, while going up the post to the platform, his body swayed somewhat, and in trying to save himself from falling, his hand was caught in the cog wheels, and the injury complained of inflicted.  Plaintiff was twenty-one years of age.  At the close of the plaintiff's evidence the court, on the motion of defendants, excluded the evidence and instructed the jury to find for the defendant.

We think this instruction was correct.  There is no pretense that plaintiff did not fully understand the dangerous

proximity of the cog wheels to the rude and imperfect means furnished to him for ascending to the platform on which he performed his work. There was no promise on the part of his master that the wheels would be fenced or protected, or that a safer means of getting on the platform would be provided. By continuing on in his employment, with full knowledge of all the conditions, he must be deemed to have assumed the risk of all the defects and dangers. The rule is that the master is bound to furnish a reasonably safe place for the servant to work, and to use reasonable care to protect him from dangerous machinery, but if the master fails in that respect, and a servant, who is fully advised of the danger, continues without objection, and voluntarily, to work at the unsafe place, or in proximity to the dangerous machine, he dispenses with performance on the part of the master of his duty in that regard, and himself takes the chance of the known danger.

This rule was applied by the Supreme Court of Massachusetts in a case resembling this in the feature of the machinery being left unfenced, reported under the title of Sullivan v. India Mfg. Co., 113 Mass. 396. There the arm of the plaintiff was crushed in a cog wheel which revolved close to a passage through which plaintiff was obliged to pass in the performance of his work. The contention was that the master was guilty of negligence in not guarding the gearing by some covering so as to protect persons from exposure. But the court held that they could not be made liable merely from neglect to do so. On review the Supreme Court said : "Though it is a part of the implied contract between master and servant (where there is only an implied contract) that the master shall provide suitable instruments for the servant with which to do his work, and a suitable place where, when exercising due care himself, he may perform it with safety, or subject only to such hazards as are necessarily incident to the business, yet it is in the power of the servant to dispense with this obligation. When he assents, therefore, to occupy the place prepared for him, and incur the dangers to which he will be exposed thereby, having sufficient intelligence and knowledge

to enable him to comprehend them, it is not a question whether such place might, with reasonable care, and by reasonable expense, have been made safe. His assent has dispensed with the performance on the part of the master of the duty to make it so. Having consented to serve in the way and manner in which the business was being conducted, he has no proper ground of complaint, even if reasonable precautions have been neglected."

This rule has been frequently applied in this State, and in Stafford v. C., B. & Q. R. R. Co., 114 Ill. 244, the court declares itself as fully committed to the principle, among others, that, "If a person, knowing the hazards of his employment as the business is conducted, voluntarily continues therein without any promise of the master to do any act to render the same less hazardous, the master will not be liable for any injury he may sustain thereon, unless indeed, it may be caused by the wilful act of the master."

While the evidence of plaintiff may be admitted to have shown an improper condition of the ladder and of the unboxed gearing, it also showed plaintiff's election to continue in the employment, knowing the hazards to which he was exposed.

There was no question to submit to the jury under that state of facts. The judgment will therefore be affirmed.

*Judgment affirmed.*