## ILLINOIS CENTRAL RAILROAD COMPANY
### v.
## BELFORD SLATER, ADMINISTRATOR.

*Railroads—Negligence of—Personal Injuries—Action by Administrator for Causing Death of Intestate—Two Brothers Killed in Same Accident—Recovery in Action for Death of One no Bar to Recovery for Death of Other.*

Where two minor brothers were both killed in the same accident, through the alleged negligence of defendant, a recovery in an action brought to recover damages for the death of one constitutes no bar to a recovery in another suit for the death of the other, although the administrator of both estates was the same person, and the heirs for whom he sued were the same in each case.

[Opinion filed December 11, 1890.]

APPEAL from the Circuit Court of Ogle County; the Hon. WILLIAM BROWN, Judge, presiding.

Messrs. W. & W. D. BARGE, for appellant.

Suing as administrator of the estate of Arthur B. Slater in the one case, and as administrator of the estate of Lewis W. Slater in the other, does not make different plaintiffs, because the plaintiff does not sue as the representative of the estate, nor for its benefit, but only as the representative of the persons named in the law, and for their benefit.

"The suit is brought by the personal representative for the benefit of the persons named in the statute, not as representing the estate, in such cases, but the persons for whose benefit the remedy is given." 1 Woerner on the American Law of Administration, Sec. 295, p. 628. "And where the executor or administrator of the deceased is authorized or required to sue therefor, he is a mere nominal party, who sues for the benefit of the parties named in the statutes." Field on Damages, p. 515, Sec. 649.

According to the law of Alabama, the personal representative may bring the suit in a case of this kind, and in the case of Hicks v. Barrett, 40 Ala. 291, on page 293, the court say: " Section 1938 of the code does not, in our opinion, contemplate a suit by an administrator as the representative of an estate. It imposes upon an administrator a trust separate and distinct from the administration. This trust is not for the benefit of the estate, but of the widow, children or next of kin of the deceased. The administrator fills this trust, but he does not do it in the capacity of representative of the estate. It is altogether distinct from the administration, notwithstanding it is filled by the administrator. No judgment for costs, in a suit under that section, could be properly rendered, to be levied *de bonis intestatis.*"

Under a statute like the statute of this State, the Supreme Court of Kansas held that "The right of action created by the statute is founded on a new grievance, viz., causing the death, and is for the injuries sustained by the widow and children or next of kin of the deceased, for the damages must inure to their exclusive benefit. They are recovered in the name of the personal representative of the deceased, but do not become assets of the estate. The relation of the administrator to the fund when recovered is not that of the represent-

ative of the deceased, but of a trustee for the benefit of the widow and children or next of kin." Perry v. St. Joe & Western R. R. Co., 29 Kan. 420, 422.

"The relation of the administrator to the fund, when recovered, is not that of the representative of the deceased, but he is a mere trustee for the widow and next of kin." Little Rock & Ft. Smith Ry. Co. v. Townsend, Adm., 41 Ark. 382, 387; Baker, Adm., v. Raleigh & Gaston R. R. Co., 91 N. C. 308; 2 Thompson on Negligence, 1294.

"Where the personal representative brings the suit, his position in respect to it and to the moneys recovered is peculiar. The cause of action is not given in favor of the estate proper. If it was, the moneys would be accounted for with the other assets and, in case of an estate otherwise insolvent, would be appropriated by the creditors. But the purpose of these statutes is to make provision for members of the family of the deceased, who might naturally have calculated on receiving support or assistance from the deceased, had he survived." Cooley on Torts, 268.

"Any money recovered by such an action is not to be treated as part of the estate of the deceased; creditors do not get any benefit from it." The City of Chicago v. Major, 18 Ill. 349; C. & R. I. R. R. Co. v. Morris, 26 Ill. 400. And Chap. 70, Sec. 2, of the Rev. Stat., says this amount shall be for the exclusive benefit of the widow and next of kin.

Then, according to the law in such cases the administrator represents the persons who are beneficiaries, and not the estate, and brings the suit for them and not for it, and since, in the cases under consideration, the beneficiaries are the same persons and have the same interests, and since these persons and their rights are all represented by the same individual who, as such representative, is seeking to obtain damages for them in two cases against the same railroad company, arising from the same wrongful act, which is the sole cause of action, it is quite certain that the parties are the same in both these cases.

Nor does it make any difference to say that under the first section of the statute the defendant is liable to an action if

death ensue, in case the injured party could have maintained a suit had he survived the injury, and therefore, in the event of the survival, two suits, one by each boy, could have been brought; for in that event the damages would belong to two different persons; while in case of death the right of action does not survive or inure to the estate, but a new cause of action is created by the statute, not for the estate, but for the benefit of the widow and next of kin, to whom belong all the damages occasioned by the death.

"This is a new cause of action given by this statute and unknown to the common law." The City of Chicago v. Major, 18 Ill. 349, 356.

"The statutes do not transfer the right of action which the deceased would have had, but create a new right of action on different principles." 3 Sutherland on Damages, 282; C., B. & Q. R. R. Co. v. Harwood, 80 Ill. 88, 92; Blake v. Midland Ry. Co., 18 Q. B. 93; Barnett v. Lucas, Irish Rep. 6 C. L. 247; Safford v. Drew, 3 Duer, 627.

"The cause of action is distinct from the one which the injured person, if surviving, would have had, and is based on a different principle." Pierce on Railroads (Ed. of 1881), 393.

Nor does it make them different plaintiffs or give the right of two actions, to say that the persons entitled to the damages, although the same, are beneficiaries of each of two boys, instead of one; because the damages for the loss of the lives of both belonged to these same beneficiaries, and could, therefore, be recovered in one action, as well as the damages for two buildings belonging to the same persons and destroyed by the same wrongful act of the same railroad company.

"The law treats the value of the life lost as a species of property." North Penn. R. R. Co. v. Robinson et al., 44 Pa. St. 175, 179; Hilliard on Remedies for Torts, 512.

"The only injury from which a jury can estimate is a pecuniary injury; that is, what have the widow and next of kin lost, in a money view, by the death?" I. C. R. R. Co. v. Weldon, Ad'm, 52 Ill. 290, 295; The City of Chicago v. Major, 18 Ill. 349, 359.

"The fundamental principle is, *interest reipublicæ ut sit finis litium*—it is for the public good that there be an end to litigation." Herman on Estoppel, Sec. 52; Broom's Legal Maxims, *298; Freeman on Judgments, Sec. 247; Warwick v. Underwood, 3 Head, 238; Schmidt v. Zahensdorf, 30 Iowa, 498; Kilheffer v. Herr, 17 Sergeant & Rawle, 318, *319.

All actions for torts must be brought by the injured persons. Those nominated in the statute are the only persons of legal capacity to sustain actionable injury in cases of this character. They are entitled to the sole benefit of the suit, and the action to recover the damages must be brought by or for them. They are, therefore, either directly or indirectly parties to the litigation. In the case at bar, and the one in evidence, the beneficiaries are the same persons and had the same representative. Belford Slater is the husband of one, and the father of the others, and by or for them and himself has brought these suits to recover damages for the pecuniary injury sustained by him and them. All have a direct interest in the subject-matter and in the result. He had a right to introduce testimony, cross-examine witnesses, make objections, save exceptions, control the proceedings, and pray an appeal from the judgment. Persons occupying these relations to suits at law are parties. Greenleaf on Evidence says:

" Under the term parties, in this connection, the law includes all who are directly interested in the subject-matter, and have a right to make defense or to control the proceedings, and to appeal from the judgment. This right involves also the right to adduce testimony and to cross-examine witnesses adduced to the other side. Persons not having these rights are regarded as strangers to the cause. But to give full effect to the principle by which parties are held bound by a judgment, all persons who are represented by the parties and claim under them, or in privity with them, are equally concluded by the same proceedings." " The ground, therefore, upon which persons standing in this relation to the litigating party are bound by the proceedings to which he was a party, is, that they are identified with him in interest;

and wherever this identity is found to exist, all are alike concluded." 1 Greenleaf on Ev., Sec. 523; Herman on Estoppel, Sec. 593; Bigelow on Estoppel (2d Ed.), 46; Harmon et al. v. Auditor of Public Accounts et al., 123 Ill. 122.

" Privies.—Persons who are partakers, or have an interest in any action or thing, or any relation to another." 2 Bouvier Law Dict. 382; 5 Jacobs' Law Dict. 285.

It is not necessary that the parties in the two suits should be precisely the same. It is sufficient if they are substantially so. In the case of Hanna et al. v. Read et al., 102 Ill. 596, on page 603, the court hold that " It is sufficient for the purposes of the rule relating to a former adjudication, when relied on as an estoppel, that the parties be substantially the same." Bennett on Lis Pendens, Sec. 375, says : " While the general rule is that the suit must be between the same parties, yet it is not necessary to the sufficiency of the plea or of the defense that the parties should be precisely the same." Starkie on Evidence says : "It is not essential that either the parties or the form of action should be precisely the same if they are substantially the same." 1 Starkie on Ev., p. 192, *p. 220 (5 Am. from New English Ed.); Bigelow v. Winsor, 1 Gray, 299, on p. 302.

"Nor is the force of the rule broken by the fact that there is a nominal, if there be no substantial, difference between the parties." 2 Wharton on Ev., Sec. 780; Baker et al. v. Cleveland, 19 Mich. 230, 235; Belden v. Seymour, 8 Conn. 304, on p. 308; Livermore v. Hershell, 3 Pick. 33; Calhoun v. Dunning, 4 Dall. 120.

Moreover, the judgment in evidence is a bar to the suit, because the same evidence will sustain both cases. The wrongful act charged, the degree of care averred, the negligence alleged and the beneficiaries named, are precisely the same in these declarations. Both boys were sitting on the same seat, in the same wagon, drawn by the same horses, on the same highway, passing over the same railroad track, and were killed at the same time, in the same place, by the same alleged tortious act of the same defendant, and left surviving them the same parents, the same brothers and the same sister,

and have the same representative suing for damages which
belong to all of them. The same persons saw the accident,
observed the management of the train, noticed the action of
the team and witnessed the conduct of the boys. The skill
and judgment of the boys in the care and management of the
team, the value of the loss of their lives, the character and
disposition of the horses, the topography of the locality of
the accident, the grade of the track, the condition of the high-
way, the objects adjoining the right of way and everything
pertaining to this transaction, were all known to the same
people, who were or could have been produced by the same
process, and their entire knowledge of all these facts elicited
as fully by an examination on the trial of one as of both these
cases. It would be impossible to prove one, without at the
same time and by the same evidence, proving the other.

" The best and most unvariable test as to whether a former
judgment is a bar, is to inquire whether the same evidence
will sustain both the present and the former action." Free-
man on Judgments, Sec. 259.

"And what is the same cause of action, is where the same
evidence will support both actions." 2 Addison on Torts
(Dudley and Baylies' Ed.), p. 1156; Hitchin v. Campbell, 3.
Wils. 304; Hitchin v. Campbell, 2 W. Bl. 827; Bigelow on
Estoppel (2d Ed.), p. 54 and note 1; Martin v. Kennedy,
2 Bos. and P. 71; Flanagin v. Thompson, 4 Hughes, C. C.
421.

Messrs. J. W. ALLABEN and DIXON & BETHEA, for appellee.

The judgment in the former suit is not a bar to this one—

1. Because the matters in controversy here were not and
could not have been litigated in the other suit. They could
not have been litigated therein—

a. Because the plaintiffs were not the same. Belford
Slater was administrator of the estate of two distinct persons
in each case; and, although the beneficiaries were the same,
this fact makes the plaintiffs by statute two distinct persons.
The beneficiaries are not parties. Cooley on Torts, pp. 263–
4–5; Conant v. Griffin, 48 Ill. 410; 3 Lawson's Rights, Reme-

dies & Prac., Sec. 1020; U. Ry. & Tr. Co. v. Shacklet, 119 Ill. 232; Vol. 2, Pt. 2, Smith's Leading Cases, 8th Ed., p. 955; 3 Lawson's Right, Remedies & Pr., Sec. 1025; Freeman on Judgments, Secs. 156 and 163; Bigelow on Estoppel, p. 65, 278; Cooley on Torts, p. 274; 1 Perry on Trusts, Sec. 328.

*b.* Because the subject-matter was not identical and the same evidence would not sustain both suits. In each suit the subject-matter was a right of action that two different persons had, that survived to their legal representatives.

2. Because damages for the death of Lewis W. Slater were not sought in the former suit; and where the subject-matter and parties of the two suits are not identical it must be shown that the matter in controversy was in fact litigated in the first suit before the second suit will be barred. Hyde v. Howes, 2 Ill. App. 140; Althorp v. Beckwith, 14 Ill. App. 628; Cromwell v. Sac Co., 4 Otto, 357.

3 Because in cases similar to this the courts have held the second suit proper. C. C. & Cin. R. R. v. Crawford, 24 Ohio St., 631; Peake, Adm'r, v. B. & O. R. R., 26 Fed. Rep. 495.

4. Because the former suit should have been specially pleaded in bar or in abatement. Freeman on Judgments, Sec. 284; Vol. 2, Pt. 2, Smith's Leading Cases, 8th Ed., 945, 951-2-3; Miller v. Manice, 6 Hill, 114; Holm v. Ritter, 12 Ill. 80; Gould's Pleadings, p. 345; Edwards v. Hill, 11 Ill. 22; Johnson v. Richardson, 17 Ill. 302; C., R. I. & P. R. R. Co. v. Todd, 91 Ill. 70.

There was no error in giving or refusing instructions.

1. It is sufficient if the instructions, as a whole, present the law fairly. T. W. & W. Ry. Co. v. Ingraham, 77 Ill. 309; Chicago v. McDonough, 112 Ill. 85.

2. Defendant's refused instruction 18 was bad. It was not necessary for the court to instruct the jury that the engineer had a right to presume that a team will stop. C. & I. R. R. Co. v. Lane, 22 N. E. Rep. 513; Railroad Co. v. Lee, 87 Ill. 454; Penna. Co. v. Frana, 112 Ill. 398; Terre Haute & I. R. R. Co. v. Voelker, 22 N. E. R. 20.

3. Defendant's sixteenth refused instruction was bad. It is not proper to instruct a jury that it is not want of ordinary

care for a train to approach a crossing at usual speed; that was a question for the jury. Penna. Co. v. Frana, *supra;* R., R. I. & St. L. Ry. Co. v. Hillmer, 72 Ill. 235; W., St. L. & P. Ry. Co. v. Hicks, 13 Ill. App. 407; Same v. Neikirk, 15 Ill. App. 112; C., B. & Q. R. R. Co. v. Lee, 87 Ill. 454; I., B. & W. Ry. Co. v. Hall, 106 Ill. 371; Railway Co. v. Kellam, 92 Ill. 245.

4. Defendant's twenty-seventh refused instruction was bad. The railroad company have no right to invite travelers on a highway into danger, and then charge them with negligence. C. & N. W. Ry. Co. v. Goebel, 119 Ill. 515; Rolling Mill Co. v. Johnson, 114 Ill. 57; Penna Co. v. Frana, *supra.*

The verdict was supported by the evidence, and was in conformity with the instructions.

This court and the Supreme Court have so held on substantially the same evidence and instructions. I. C. R. R. Co. v. Slater, 28 Ill. App. 73; same v. same, 21 N. E. Rep. 575.

No improper evidence was admitted.

It was proper to permit witnesses to say that if the bell had rung and whistle sounded they would have heard them. C. & A. R. R. Co. v. Dillon, 123 Ill. 570.

There was no error in the court refusing to wait for testimony of the Shaffers.

Defendant had one day and a half to get them there, after it knew they were needed. Defendant used no diligence. The affidavit shows that it could prove anything by them; and the circumstances show that it did not want them there or try to get them there. The court therefore did not abuse its discretion.

Plaintiff's instructions were good.

They were the same as given in the other trial. I. C. R. R. Co. v. Slater, 28 Ill. App. 73; same v. same, 22 N. E. Rep. 575.

C. B. SMITH, P. J. This was an action on the case brought by Belford Slater, as administrator of the estate of Lewis W. Slater, deceased, against the Illinois Central Railroad Company, to recover damages under the statute for causing the death

of Lewis W. Slater, for the benefit of his next of kin. The defendant pleaded the general issue. A trial was had resulting in a verdict against appellant for $1,350, upon which the court, after overruling motions for new trial and in arrest of judgment, gave judgment. Appellant now brings the record here on appeal, and assigns errors on the record and asks this court to reverse the judgment.

The errors assigned and relied upon are: 1. That this proceeding is barred by a trial and final judgment in former proceeding between the same parties concerning the same cause of action. 2. That the court erred in giving and refusing instructions. 3. That the verdict was against the instructions and the evidence. 4. The reception of improper evidence and the refusal of proper evidence.

A brief statement of the facts out of which this suit arises is necessary to a correct understanding of it. Belford Slater was the father of Lewis W. Slater and Arthur B. Slater. At the time of the accident which resulted in the death of both the sons, Lewis W. was thirteen years old and Arthur B. about ten years old. On the 24th day of August, 1886, Belford Slater sent his two boys to the town of Polo, a short distance from their home, with a two-horse wagon after a barrel of buttermilk and some sugar. The team they drove was a quiet one and one which the boys had been accustomed to drive and handle. They had frequently before driven the same team to town. On the morning in question these two boys had driven to town and done their errand and were returning home. At about 11 o'clock they reached the crossing of the public highway upon which they were traveling, with appellant's railroad, and while attempting to cross the railroad track the passenger train on appellant's road collided with the wagon and instantly killed both the boys. Separate suits were brought to recover for the death of each one. Belford Slater, the father, was appointed administrator of each of them. The declaration in each case seems to be exactly alike, except as to the names of the deceased. Each declaration names the same beneficiaries, being the parents and brothers and sisters of the deceased. The suit for caus-

ing the death of Arthur B. was first tried. Upon the trial a judgment was recovered against appellant in the Circuit Court for $1,000. The case was brought to this court on appeal, and was affirmed, and is reported in the case of the Illinois Central Railroad Co. v. Belford Slater, Adm'r, etc., 28 Ill. App. 73. The case was then taken to the Supreme Court on writ of error and there the judgment of the Appellate Court was affirmed. During the pending of that suit in the various courts this case was permitted to await the final result in that case.

The first count of the declaration in the case at the bar was as follows:

First count alleges that August 24, 1886, defendant possessed and operated railroad through county of Ogle over a public highway running east and west on section line between sections 4 and 9, T. 23, R. S. That Lewis W. Slater was then with all due care riding upon said highway in a wagon drawn by two horses, and with all due care and caution came upon said railroad at said crossing, and while so riding with all due care across said railroad, at said crossing upon said highway, in said wagon there, defendant then and there, by its servants, so carelessly and improperly drove and managed its locomotive engine and train by running the same at a high and dangerous rate of speed, and by failing to keep a proper watch for persons about to pass over said crossing, or to give such signals as would apprise such persons using due care of the approach of said locomotive engine and train, and by failing and neglecting to stop or endeavor to stop said engine and train so as to prevent injury to said Lewis W. Slater upon said crossing, that by and through said negligence and improper conduct of defendant in that behalf, said engine and train then and there struck said wagon, and said Lewis W. Slater was then and there thrown out of said wagon with force and violence and against said engine, and was thereby then and there killed; that said Lewis W. Slater left surviving Belford Slater, his father, Ruth A. Slater, his mother, Albert G. Slater, Willis A. Slater and Roy J. Slater, his brothers, and Sarah M. Slater.

his sister, and next of kin, who have been deprived of their means of support and sustained damages.

As before stated the declaration in the other case was in all respects the same, with the difference in the names of the deceased only. It will thus be seen that the two actions are as near identical as it is possible for them to be. The parties in both cases are the same. The beneficiaries are the same and the facts in both cases out of which the cause of action arose are the same.

It will thus be seen that the question as to whether this suit is barred by a final judgment in the other is fairly raised, by the conceded and admitted facts, and as clearly shown by the record in the two cases. When the case was before us before, it was earnestly contended that the evidence did not support the verdict upon the charge of negligence on the part of the defendant and due and proper care on the part of the deceased child, Arthur B. Slater. We then gave the evidence a careful and attentive study, and while it was conflicting, still it was not so against the weight of evidence as to justify us in saying the jury had erred in their conclusions. The evidence in the present case we think is not substantially different from what it was in the other case. Now, as then, it was sharply conflicting upon the material and vital questions involved, and we can not say the jury were not justified in their finding. If they believed the witnesses for the appellee then there was enough evidence to support their finding, and we would not be justified in setting aside their verdict. They are the judges of the credibility of the witnesses and of the value of their evidence.

The question, however, pressed upon us with most earnestness by counsel for appellant, and with apparent confidence, is the supposed bar of the former judgment against the suit at bar. Whether this defense can now be made successful against this suit depends upon whether the two suits are in all their legal aspects identical with each other. If they are, then the bar is complete; but if the cases are not in legal contemplation the same, then that defense must fail. We are cited to a great many authorities by counsel for appellant

Illinois Central Railroad Co. v. Slater.

upon the question before us and with which we have no contention. The rules of law which define and declare similar or identical causes of action between the same parties are so well-known and familiar that a discussion of them would be mere pedantry. The correct application of these well-known rules, however, to the ever-changing facts that present themselves for solution is not always so easy. Where an entire cause of action accrues growing out of a single act or tort, the person injured must sue for and claim all his damages in the first suit, and failing to do so, he will not be again permitted to sue for and recover any more damages in a second suit growing out of the same act, to the same plaintiff and from the same tort feasor. But it is equally well settled that many causes of action may grow out of a single act or tort, to as many individuals as suffer damages by the wrongful act. We think the learned counsel for appellant in their very able and exhaustive argument fail to recognize this distinction and apply it to the case at bar. There is a broad and clear distinction between property in mere goods and chattels, and the rights that accrue from injury to them to their owners, and the rights that arise out of the death of a human being to those who are interested in the life and injured by the death of such person. Had two or a hundred horses been killed belonging to Belford Slater by this accident, then there would have been but a single cause of action, and all damages must have been recovered in the first suit, and the cases cited by appellant would have been applicable. But instead of horses, in which he had a right of property under the general law of the land, it was his two children, in which he had no right of property, while living (except to their services), nor in common law any right of property in them after death, nor any cause of action accruing to him or any one else by reason of their death caused by the wrongful act of another. The right to recover for the death of any person caused by the wrongful act of another is conferred by the statute, and is expressly limited by the terms of the statute to the widow and next of kin of the deceased person. The action must be brought by the personal representatives of the deceased per-

sons. Sec. 1 and 2 Rev. Stat. (S. & C. Chap. 70, p. 1290). Under this statute, upon the death of Lewis and Arthur Slater (if caused wrongfully) a separate and distinct cause of action accrued to the administrator for the use of their kin-dred under the statute, not exceeding in value the sum of $5,000. By no law or process of reasoning that we know anything of did the parents or brothers and sister of these two boys have any joint and inseparable interest in their lives while living, nor in the value of their lives when dead. The law treats human beings as individuals, whether living or dead, and treats their estates as separate and distinct, unless they have commingled and joined their own property in life, but even in that case each individual must have separate administrators; joint letters of administration of the estate of two or more persons, so far as we know or are advised, are wholly unknown under our law, and never have had any existence in this State and are not recognized by our statute. The estate of each person (except in partnership affairs) must have a separate administration. Two or more persons may die at the same time and from the same cause, and they may have the same administrator, and we may carry the parallel further and suppose their heirs to be the same persons, and yet the same administrator must take out separate letters on each estate and must give a separate bond in each case and the administration throughout must be separate.

The fact that Lewis and Arthur Slater were brothers did not make their estates joint in their death any more than if they had been entire strangers to each other with their estates descending to different persons. Nor does the mere fact or accident that their father was administrator of both in the least degree aid in making the estate of his two children a joint estate, for any stranger might as well have been the administrator of one or both of them without in any wise changing the legal rights of the beneficiaries or the separate and distinct estates of each of the two boys. Had there been separate administrators here, it would hardly have been contended, we think, that the action of both must be joined, and yet the case as it is is not different, for the administrator

Illinois Central Railroad Co. v. Slater.

does not sue in his own right; he is but the officer and agent of the law; his personal relation to the deceased has no legal significance whatever. Union Ry. & Transportation Co. v. Shacklet, 119 Ill. 232.

Under our statute this remedy accrues to the administrator only if the person when living would have been entitled to recover for the injury, had death not ensued, in his own right. Now if we suppose that these two boys had suffered personal injury only from the act complained of, and that death had not ensued, it would hardly be contended seriously that they must join in an action to recover for such injury. On the contrary, it would be perfectly certain they could not join in such actions, and for the reason that the injury to each would have been his personal right of action, and it seems to us equally clear that the cause of action descended separately and distinctly for each one to his administrator, and that such separate and distinct cause of action could not be joined by the administrator. We are, therefore, of opinion that the first suit and judgment therein was no bar to the present one.

It is also insisted that the court erred in refusing some of appellant's instructions. On behalf of appellant the court gave the jury twenty-five instructions. We think after a careful examination of all these given, the appellant has no grounds for complaint. They seem to cover every possible phase of the case in a most ample and exhaustive manner, and we think the defendant had the full benefit of every legal proposition involved in the case clearly and distinctly declared to the jury by the court. The legal propositions arising upon the facts in the case are few and simple and we think they were all covered by the instructions given for appellant. The instructions given for the plaintiff seem to be the same as given on the other trial and were approved by this and the Supreme Court. A separate discussion of all the instructions would lead to too much prolixity. It is also objected that the court refused to prolong the trial and wait for the arrival of the witnesses appellant desired to examine, after the evidence was closed. No sufficient

reason is shown why the witnesses were not at the trial at the proper time and the court was not bound to wait for absent witnesses, after the evidence was closed. It was a matter in the discretion of the court.

It was also alleged as error that the court improperly refused several instructions asked by the defendant. The court refused Nos. 18, 21, 25 and 27, 35, 36 and 37. These instructions, we think, are open to the objection that they state to the jury that the existence of certain facts therein named, if shown by the proof, amount to acts of negligence on the part of the deceased, or to the exemption from the charge of negligence on the part of the engineer, instead of leaving it to the jury to say whether such acts or facts, if shown by the evidence, established the charge of negligence against the deceased or exonerated the engineer from the charge of negligence. The existence and proof of negligence is one of fact and not of law, and instructions which find and declare negligence from the existence of certain acts or facts usurp the function of the jury, and are therefore erroneous. Penn. R. R. Co. v. Frana, 112 Ill. 398. This rule has a single exception, and that is where the negligent act charged is so gross and palpable that the law will treat it as negligence *per se.* But in such case the negligent act must be so clear and conclusive that no rational argument could be made against it. The alleged acts of the negligence on the part of the deceased in this case does not fall within that exception. But while the court refused appellant's 18th and other instructions defining what acts would relieve the engineer from the charge of negligence, the court gave the 19th, covering the same principle. And to the same effect are a number of the other instructions given on motion of appellant. The 21st, 25th, 27th, 35th and 36th instructions were properly refused for the same reason. The 27th instruction was rightfully refused because it referred only to the fractious character of the team in running upon the track, without any reference to the alleged negligence of the defendant in running its train, and makes the whole case depend on whether the team became unmanageable and ran upon the track. The 37th instruction

was properly refused because it told the jury that the former suit, brought for the death of Arthur B. Slater, was a bar to this action, which we have heretofore held is not the law.

It is lastly urged that the court erred in permitting certain witnesses to testify for appellee that they did not hear a bell rung nor a whistle sounded, and that in their opinion if such bell had been rung or whistle sounded they could and would have heard them. This was not error. This class of evidence is expressly recognized and held proper in Railroad Co. v. Siltman, 88 Ill. 529, and Chicago & Alton R. R. Co. v. Dillon, 123 Ill. 570.

After a patient and careful study of this entire record we have been unable to find any substantial or reversible error, and the judgment must be affirmed.

*Judgment affirmed.*