# George W. Glass
### v.
# The Chicago, Rock Island & Pacific Railway Company.

*Master and Servant—Railroads—Negligence of—Proximity of Switching*

*Post to Track—Projecting Bolt Heads on Engine—Personal Injuries—Assumption of Risk.*

An employe can not recover for a personal injury received in the course of his employment, after he has become aware of the defective condition of the machinery used therein, unless he has been induced to remain through his employer's promise to repair.

## [Opinion filed June 25, 1891.]

APPEAL from the Superior Court of Cook County; the Hon. ELLIOTT ANTHONY, Judge, presiding.

Messrs. GENTLEMAN & PURNELL, for appellant.

Messrs. THOMAS S. WRIGHT and ROBERT MATHER, for appellee.

WATERMAN, J.   Appellant having been injured while in the employ of appellee, brought this action alleging negligence on the part of appellee, in two particulars.   First, the near and dangerous proximity of a switching post to the track, and second, that appellee had allowed dangerous bolt heads to project above the foot board of an engine, upon which appellant, while endeavoring to get on board a moving engine, stepped, slipped, fell, and was injured by his body striking against a switching post.

As to the first alleged negligence, it appeared that the switching stand was located at about the center, between two tracks; it did not appear to have been the proximate cause of the injury, nor to have been in any different position from what it had been for a long period of time.

Appellant had been a switchman for appellee for some three years; he was injured March 10, 1889; had been working with the engine from the foot board of which he slipped, since the summer of 1888, and the bolt heads which he says were projecting and caused his fall, he testifies had been in the same condition all the while since the engine came out of the shop in the summer of 1888.

Appellant himself testified to such knowledge of the negli-

Michigan Ave. M. E. Church v. Hearson.

gent conditions of which he complains, that the court below was warranted in taking the action it did.

An employe can not recover for an injury suffered in the course of the business about which he is employed, on account of defective machinery used therein, when such injury was received after he had a knowledge of the defect and continued his work. Upon becoming aware of the defective condition of such machinery, he should desist from his employment; but if he does not do so, and chooses to continue on, he is deemed to have assumed the risk of such defect, at least when he has not been induced by his employer to believe a change would be made, and has not plainly objected. Camp Point Mfg. Co. v. Ballou, 71 Ill. 417; Chicago & Alton R. R. Co. v. Monroe, 85 Ill. 25; Penn. Co. v. Lynch, 90 Ill. 334; Simmons v. C. & T. R. Co., 110 Ill. 340; C. & A. R. R. Co. v. Bragonier, Adm'x, 119 Ill. 51–67; C., M. & St. P. R. R. Co. v. Standart, 16 Ill. App. 147; C. & N. W. R. R. Co. v. Donahue, 75 Ill. 106; Indianapolis, B. & W. R. R. Co. v. Flanigan, 77 Ill. 365–70.

There was no error in excluding evidence as to the proximity of the switching post to the sideboard of the engine; and if there were, no exception was taken to the ruling of the court thereon.

The judgment of the court below is affirmed.

*Judgment affirmed.*