<hr />

## William Graver Tank Works v. James McGee.

1. MASTER AND SERVANT—*Dangerous Employments.*—The rule that a master is bound to use reasonable care to furnish a reasonably safe place for the servant to work, and to use reasonable care to protect him from dangerous machinery and hazardous methods of conducting business, is qualified by the rule that if the master fails in such respects, and the servant, being fully advised of the dangers, continues without objection and voluntarily to work in the unsafe place, or in proximity to the dangerous machinery, or under the hazardous conditions of conducting the business, he takes the chances of the obvious and known danger.

2. INSTRUCTIONS—*Assuming What Constitutes Negligence.*—In an action for personal injuries received by a servant while working in a dangerous place, an instruction which tells the jury that under certain circumstances recited, the failure of the defendant to use certain precautionary measures also recited, is negligence, is erroneous as assuming what constitutes negligence.

3. SAME—*Waiver of Risks Incident to the Employment.*—When an instruction assumes certain facts to be negligence, it does not follow that the injured person had not the right to waive the risk incident to such negligence and take the risk himself, and whether he did so or not, ought to have been submitted to the jury.

4. SAME—*Invading the Province of the Jury.*—It is error to instruct a

William Graver Tank Works v. McGee.

jury as to what facts constitute negligence and want of ordinary care, and as to who under given facts are as a matter of fact fellow-servants; such questions are facts for the jury to determine from the evidence.

**Trespass on the Case,** for personal injuries.    Error to the Circuit Court of Cook County; the Hon. EDWARD F. DUNNE, Judge, presiding. Heard at the March term, 1895.    Reversed and remanded.    Opinion filed April 4, 1895.

WALKER & EDDY, attorneys for plaintiff in error.

P. McHUGH, attorney for defendant in error; KING & GROSS and ANDREW J. HIRSCHL, of counsel.

MR. JUSTICE SHEPARD DELIVERED THE OPINION OF THE COURT.

The defendant in error had one of his eyes knocked out by an iron chip which flew from a steel bar that was being cut with a cold chisel in the works of the plaintiff in error.

He was working as helper to a blacksmith, and on the day in question was engaged in carrying pieces of iron, called manheads, to the forge at which the blacksmith worked, in the southeast corner of the shop, which was about fifty feet wide from east to west, and one hundred feet long from north to south.

The manheads were to be brought to the forge from a pile situated some twenty feet in a northwesterly direction from the forge.    About sixteen feet directly north from the forge was situated the cutting block, where the steel bar from which the chips flew was being cut, and the block and the pile of manheads were from ten to sixteen feet apart and nearly east and west from each other.

At the cutting block a man named Sheets and his helper were at work trimming off the ends of bars of steel.    The method of doing the work was for Sheets to hold the chisel, and his helper to strike it with a hammer or sledge.    Chips frequently flew from the bars, flying with varying force to various distances, according to the hardness of the bar, from eight feet or less, to one hundred feet, and they were cutting in a westerly direction, viz., in such a manner as the chips would fly in a westerly direction.    It seems from the

evidence that the cutting was not always done in the same direction, but depended upon the direction from the block in which the men were working in the shop.

On the occasion in question, it appears that the cutting block pointed northwest and that Sheets was facing northerly, holding the chisel in his left hand and steadying the bar with his right, and that his back was toward the course which the defendant in error pursued in passing from the forge to the pile of manheads, and that there was no one working at the west side of the shop.

The defendant in error had worked in the shop as a laborer and helper for more than a month, and on the day in question commenced work at seven o'clock in the morning, and worked at the particular job of carrying manheads until between four and five o'clock in the afternoon, when the accident happened. He had never before that day worked at the forge, but had worked at other jobs in the shop and in the yard, and on that day had passed the cutting block back and forth a good many times, as he testified, seeing, but without heeding the work that was going on there.

Upon the facts thus briefly, but in substance, stated, if the verdict of the jury had been rendered upon correct instructions it would be a question whether the judgment of $1,500 that was entered, should be affirmed or reversed. The rule that a master is bound to use reasonable care to furnish a reasonably safe place for the servant to work, and to use reasonable care to protect him from dangerous machinery and hazardous methods of conducting business, is qualified by the other rule, that if the master fails in such respects, and the servant being fully advised of the dangers, continues without objection and voluntarily to work in the unsafe place, or in proximity to the dangerous machinery, or under the hazardous conditions of conducting the business, he himself takes the chance of the obvious and known danger. Buhle v. Harland, 37 Ill. App. 350; Glass v. C. R. I. & P. Ry. Co., 41 Ill. App. 87.

The evidence disclosed that chips of iron or steel would

William Graver Tank Works v. McGee.

almost inevitably fly from the chisel and sledge, when the work of cutting or trimming ends of bars was being done, and that they would frequently fly with great force to a much greater distance from the cutting block than that at which the defendant in error was working; and that a safe and prudent way to conduct such work was by the intervention of a simple screen in front of the cutting block in the direction in which the chips would naturally fly.

The defendant in error had worked in and about the shop for more than four, and possibly for eight weeks, and probably had observed and knew what every man of reasonable and ordinary sense would be liable to observe and know under like circumstances, that to pass or stand in front of the cutting block, in line with the direction in which the cutting was being done, was dangerous.

True, it would be a question of fact for a jury, whether the defendant in error had observed and did know the danger of working where and as he did, but it was error to instruct the jury, as was done by plaintiff's first instruction, that under the circumstances therein recited, "the failure of the defendant to use a guard or protection to prevent the chips from flying, was negligence, and the jury should find for the plaintiff," without any allusion in the instruction to the fact of whether the plaintiff had knowledge, or lack of knowledge, of the danger existing in the absence of such precautions, and his assumption of the risk of the employment in face of such danger.    That the jury might have found, as they probably did, that the absence of such simple devices for guards or screens, as was shown would, if provided, have afforded protection, was negligence by the plaintiff in error, is probably too plain for argument, and assuming it to be such, it does not follow that the defendant in error had not the right to waive the risk incident to such negligence, and take the risk himself, and whether he did so or not ought to have been submitted to the jury.

Other instructions given for the plaintiff are objectionable also, in so far, at least, as they instruct the jury as to what facts constitute negligence and want of ordinary care, and

as to who, under given facts, are, as a matter of law, fellow-servants. Such questions are facts for the jury. C. & N. W. Ry. Co. v. Bouck, 33 Ill. App. 123; I. C. R. R. Co. v. Slater, 39 Ill. App. 69; Chicago v. McLean, 133 Ill. 148.

The judgment of the Circuit Court will be reversed and the cause remanded.