CHICAGO AND EASTERN ILLINOIS RAILROAD COMPANY

*v.*

JOHN RUNG.

*Filed at Ottawa November 20, 1882.*

1. APPEALS—*reviewing controverted facts.*   Where a judgment for the plaintiff, in an action based upon negligence of the defendant, is affirmed by the Appellate Court, all controverted questions of fact relating to the case will be settled conclusively in favor of the plaintiff below. In such case this court must hold that all the material allegations in the declaration are fully and conclusively established, and the facts can only be considered with reference to the propriety of the instructions.

2. ERROR—*when no ground of reversal.*   A court of review will not reverse for an error when it is clear the result would have been the same without regard to the error. So this court will not reverse a judgment for an error in the admission of evidence, which it can see had no material effect on the verdict.

3. NEGLIGENCE—NOTICE—*in use of locomotive out of order.*   In an action by a switchman of a railroad company to recover damages for the crushing of his hand while coupling cars, from negligence, it appeared in evidence that the accident was caused by the throttle valve of a locomotive then being used being out of repair, which caused a sudden and unexpected movement of the locomotive, and that this defect, and the dangerous condition of the locomotive, had existed some time before the accident, and was known to the engineer, who had often, before and after the injury, told the foreman of the round-house (his immediate superior) of its dangerous condition:   *Held,* that it was but reasonable to assume that the railway company, through the foreman, had notice of the unsafe condition of the engine, whether he had charge of the machinery or not, and that the company was guilty of gross negligence in allowing such engine to be used.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. ROLLIN S. WILLIAMSON, Judge, presiding.

Mr. WM. ARMSTRONG, for the appellant:

A question to a witness must not assume facts to have been proved which have not been proved.   Greenleaf on Evidence, 483, sec. 434; *Lumbard* v. *Cheever,* 3 Gilm. 474.

41—104 ILL.

Notice of the defect in the engine must be brought home to the person empowered, and whose duty it is to furnish or repair such machinery, when needed.  *Richardson* v. *Cooper,* 88 Ill. 270.

There is no implied warranty between master and servant, and all that is required of the former is to furnish reasonably safe machinery for his servants.  *Chicago and Indiana Central R. R. Co.* v. *Troesch,* 68 Ill. 545; *Noyes* v. *Smith,* 28 Vt. 59; *Chicago and Northwestern R. R. Co.* v. *Scheuring,* 4 Bradw. 540.

In that class of cases sounding purely in damages, when the evidence is conflicting and presents a difficult issue, the instructions should be most accurate.  *Chicago, Burlington and Quincy R. R. Co.* v. *Van Patten,* 64 Ill. 513.

A servant takes the risk of the carelessness of his fellow servants.  *Chicago and Northwestern R. R. Co.* v. *Moranda,* 93 Ill. 302; *Valtez* v. *Ohio and Mississippi Ry. Co.* 85 id. 506; *Chicago and Alton R. R. Co.* v. *Murphy,* 53 id. 536.

The presumption of law between master and servant is, that the servants are all competent, and that the master has provided his servants with suitable machinery, engines, cars, and other appurtenances of the railroad.  Pierce on Railroads, 370.

Messrs. MONROE & LEDDY, for the appellee:

A master is bound to use reasonable care and diligence in providing and maintaining safe machinery to be used by his servants, and he will be liable to a servant for any injury arising from any defect in such machinery, if he has actual knowledge of such defect, or might have known of the same by the use of reasonable diligence.  *Illinois Central R. R. Co.* v. *Welch,* 52 Ill. 183; *Chicago and Northwestern R. R. Co.* v. *Swett,* 45 id. 197; *Chicago and Alton R. R. Co.* v. *Shannon,* 43 id. 338; *Illinois Central R. R. Co.* v. *Phillips,* 49 id. 234; *Chicago and Northwestern R. R. Co.* v. *Jackson,* 55 id. 492;

*Chicago, Burlington and Quincy R. R. Co.* v. *Gregory,* 58 id.
272; *Toledo, Peoria and Warsaw Ry. Co.* v. *Conroy,* 61 id.
162; *Toledo, Wabash and Western R. R. Co.* v. *Fredericks,* 71
id. 294; *Toledo, Wabash and Western R. R. Co.* v. *Ingraham,*
77 id. 309; *Indianapolis and St. Louis R. R. Co.* v. *Estes,* 96
id. 470; *Toledo, Peoria and Warsaw Ry. Co.* v. *Conroy,* 68 id.
560; Cooley on Torts, 556, 557.

The court will not inquire whether the court erred as to
the first question to the witness, as a general objection was
made to it.   There is no doubt of the relevancy of the evi-
dence called by the question as being part of the *res gestæ.*
If it was obnoxious to a special objection, it should have
been made.   *Buntain* v. *Bailey,* 27 Ill. 409; *Stone* v. *Great
Western Oil Co.* 41 id. 85; *Graham* v. *Anderson,* 42 id. 514;
*Howell* v. *Edmunds,* 47 id. 79.

Mr. JUSTICE MULKEY delivered the opinion of the Court:

In the month of March, 1879, John Rung, the appellee,
was in the employ of the appellant, the Chicago and Eastern
Railroad Company, at Chicago, as a yard switchman.   On
the 7th of that month, while engaged in coupling some coal
cars in the company's yard, by a sudden and unexpected
movement of the locomotive engine used in bringing the cars
in position, occasioned by its throttle valve being out of
repair, appellee's right hand was caught and crushed between
the dead-woods of the two cars, resulting in the loss of one
of his fingers.   He subsequently brought an action against
the company in the Superior Court of Cook county, to recover
damages for the injury thus sustained.   There was a trial
upon the merits before the court and a jury, resulting in a
verdict and judgment for the plaintiff for $2000, which, on
appeal by the company, was affirmed in the Appellate Court
for the First District, and the company, by further appeal,
removed the cause to this court.

The declaration charges, in substance, that on the date above mentioned the plaintiff was in the employ of the company, as a yard switchman, for the purpose of switching, coupling and uncoupling cars, etc.; that while he was so employed it was the duty of the company to keep its cars and locomotive engines in good repair and manageable condition; that the company, not regarding its duty in this respect, did not use proper care and skill in keeping its cars and locomotive engines in good and safe repair, but, through its negligence and unskillfulness, the same became and were out of repair; that at the time in question, and while the plaintiff was engaged in coupling said cars, and was then and there using due care and caution, and without notice of the defective condition of said locomotive engine, occasioned by the throttle valve of the same being then out of repair, and of which the defendant then and there had notice, the said locomotive engine, by reason of the throttle valve thereof being so out of repair, violently started and pushed said cars, which he was then in the act of coupling, as aforesaid, and by means thereof the right hand of the plaintiff was then and there caught between the dead-woods of said cars, and three of the fingers of said hand were so badly crushed and bruised that one of said fingers had to be amputated, etc.; that said defendant knowingly suffered and permitted said throttle valve of said locomotive engine to be out of repair, or by the exercise of reasonable care and caution could have known the same was out of repair, etc. To this declaration the defendant filed the plea of the general issue, and upon the issue thus formed a trial was had, with the result already stated.

Notwithstanding counsel on both sides have, to some extent, gone into a discussion of the facts in this case, it is clear we have no concern with them, except so far as it may be necessary to pass upon legal questions arising on the instructions. By the affirmance of the judgment of the Superior Court in the Appellate Court, all controverted facts

relating to the case are conclusively settled in favor of appellee and against appellant.  Hence, in our consideration of the case here, we start out with the assumption that all the material allegations in the declaration are fully and conclusively established.  This being so, it follows our labors will be confined exclusively to questions arising upon the admission or exclusion of testimony, and the giving or refusing of instructions, or other mere questions of law arising on the record.

During the course of the trial Charles Hill, the engineer in charge of the engine at the time the injury occurred, was examined as a witness on behalf of the plaintiff.  He testified he was in the employ of the company about eight years; that he was working under Mr. Case, the foreman of the round-house; that the throttle valve of the engine leaked considerably; that "the engine jerked ahead some way or other on account of steam in the cylinders;" that it was hard to hold, and was dangerous; that he did not know how long he had run the engine previous to the accident, but it was quite a while; that he had often, before and after the accident, told the foreman of the round-house of the condition of the engine.  After having made these statements, the witness was asked and permitted to answer, against the objections of appellant, the following question: "Was there any other man here, connected with the road, that had control of the machinery but Mr. Case, to report to?"  The witness replied, "No other man, except Mr. Lyford."  It is objected this question assumes the existence of an important fact, which, outside of the implication contained in the answer to it, is not otherwise shown by the evidence, namely, that Case had control of the machinery, and was therefore the proper person to be notified of the dangerous condition of the engine.  It must be conceded that appellant's objection to this question is not without foundation, and that the general rule of law on the subject is as claimed by its counsel; and while we are of opinion the

question should not have been allowed in the form put to the witness, yet, under the circumstances of this case, we can not think the error in question had any material effect on the verdict of the jury. It is a familiar principle that courts of review will not reverse for an error where it is clear the result would have been the same without regard to the error.

The undisputed facts in this controversy make out a clear case of gross negligence on the part of the company. As already seen from the testimony of the engineer, the engine was in a dangerous condition, and *had* been "for quite a while," and that he had frequently, before and after the accident occurred, told the foreman of the round-house of its condition. With these undisputed facts before them, we think the jury were fully warranted in finding, as they probably did, the company had implied or constructive notice of the condition of the engine, in which case of course it was immaterial whether the foreman of the round-house had control of the machinery or not. The engineer having frequently told his immediate superior (the foreman of the round-house) of the dangerous condition of the engine, upon the principle that every one is presumed to do his duty it is but reasonable to assume that through him the company obtained the requisite notice, whether he had immediate charge of the machinery or not.

A number of objections are made to the instructions given to the jury on behalf of appellee, none of which we regard as well taken. The instructions, as a whole, we think fairly presented the law of the case to the jury. Some of them, it is true, are not as well guarded as they might be, yet we think they are substantially correct, and under the evidence we do not think the jury could have been misled by them. In any view, the merits of the case seem so clearly with the appellee, we think the judgment should be affirmed, which is accordingly done.

*Judgment affirmed.*