# Consolidated Coal Co. of St. Louis v. Michael Scheiber, by his Next Friend.

1. CORPORATIONS—*Notice to an Agent.*—When a duty is imposed upon a corporation, and intrusted by it to an agent, notice to such agent of the matters falling within his line of duty is notice to the corporation.

2. PLEADING—*Not Necessary to State Evidentiary Facts.*—In an action for personal injuries resulting from negligence, it is sufficient to aver that the defendant knew the conditions, etc., before the accident, but it is not necessary to aver the evidentiary facts showing how he had such knowledge.

3. INSTRUCTIONS—*As to Defective Counts.*—The effect of instructions directing the jury to ignore certain counts in the declaration is to confine the evidence to the other counts.

Consolidated Coal Co. of St. Louis v. Scheiber.

4. ORDINARY HAZARDS—*Of the Service, What is.*—A failure to perform an assumed duty, by which an injury results to one in the exercise of due care, creates a liability at common law. It is an ordinary hazard if an injury occurs where there is no such breach of duty.

5. PRACTICE—*Comment on the Suppression of Evidence.*—It is not error in a civil case for counsel to comment upon the fact that certain officers of the defendant (a corporation), presumed to have peculiar knowledge of the facts in controversy, did not testify upon the trial. The fabrication, suppression or withholding of evidence is properly a subject of inference.

6. ELEMENTS OF DAMAGES—*Liability for Physician's Services.*—In an action for damages resulting from personal injuries, it is sufficient if there is a liability to pay for the services of a physician in being cured, and the jury may consider such services as paid in making up their verdict.

Trespass on the Case, for personal injuries. Appeal from the Circuit Court of Madison County; the Hon. BENJAMIN R. BURROUGHS, Judge, presiding. Heard in this court at the February term, 1896. Affirmed. Opinion filed June 18, 1896.

## STATEMENT OF THE CASE.

The appellant owned and operated a coal mine near Collinsville, in Madison county, called the Henitz Bluff Mine.

Appellee was employed in the mine as a driver, and had been so employed for about five months before he was injured. For about nineteen months prior to the time he began to drive, he had been employed there as a " trapper," whom appellee defines to be a person who goes about with the drivers to help them out. In all he had worked two years in the mine. He was about sixteen years old at the time he was hurt. He had worked two months in the room where the accident happened.

On the 16th of January, 1895, he was hauling coal from room ten to the shaft bottom. At about 2:30 in the afternoon he came in to haul out two boxes, but the boxes were only partially filled and he waited for the two loaders who were there to get them filled. There was some fine coal in his shoe, and he walked away to the edge of the " gob," or refuse pile, and sat down to take it out. His back was against a standing prop but there was a piece of loose slate near it which fell on him and cut an artery in his left leg.

There were two men working in the room at the time, Johnescheck and Murdry. They knew the slate was loose over the "gob" pile and one called to appellee and he was just leaving when the slate fell. The track, and two or three feet on each side, were protected by timbers. Appellant had a timberman to look after props and roof. He was there in the morning and Johnescheck told him the slate was loose, but the timberman said there was no danger and he had to look after a place where a machine was running. He went away and did not return. His duty when notified was to prop the roof.

The appellee, after the injury, was carried home, and by some mischance was about two hours in going a mile. The day was cold and he was exposed to very inclement weather. About four weeks after the accident his leg was amputated below the knee, and subsequently again above the knee, for which services he became liable to pay several hundred dollars.

At the time of the accident the appellant had posted, in convenient places about the mine, rules for the government of its employes. Appellee had been told by one of the drivers of the rules, but he claims he did not read them, and never heard them read until this trial. These rules have a preface, which is as follows:

All employes must read and understand and obey these rules, which are made to secure their safety, and which every employe by remaining in the service of this company agrees to abide by and obey as a contract between him and the company.

The particular rules which appellant relies on are as follows:

1. Every person employed in and about this mine must understand that he is engaged in dangerous business, and that constant care must be taken to avoid injury.

4. Every person accepting employment in this mine does so with full notice that the danger of injury from falling roof and coal is one of the usual risks of his service, and he will govern himself accordingly.

7. No one working in this mine is authorized to incur any risks by relying upon the timberman. He is employed for the convenience of other employes and to facilitate their work, and they are not relieved of the duty of securing the roof. It is the duty of every one working in this mine to examine the roof and face of coal before commencing work, and from time to time while at work, and if the roof is at any time unsafe, they will at once prop the same or cease work there and notify the timberman.

The declaration contains six counts. The first count avers that it was defendant's duty to furnish a reasonably safe place for plaintiff to work in, and in order to do so it was necessary for defendant to provide and set·up props and cap pieces and cross-bars to hold up the roof, but defendant failed to do this and the roof fell on plaintiff and injured him.

The third count differs in no material respect from the second.

The fourth count charges that it was defendant's duty to furnish a reasonably safe place for plaintiff to work in, and that defendant had notice that the roof at the place where plaintiff was required to work was liable to fall, and undertook to properly secure it, but acted so carelessly and negligently that it became more liable to fall, and plaintiff, while acting with due care, was injured by a fall of the roof.

The fifth count charges that it was defendant's duty to furnish plaintiff with a reasonably safe place in which to work, and defendant, knowing the roof was unsafe and liable to fall, thereupon undertook to secure said roof so that it should not fall on the plaintiff, and in order to do so it was necessary for the slate in the roof to be pulled down, but left it in an insecure condition, and plaintiff, being ignorant of the danger and using due care, was injured by a part of the said roof falling upon him.

The sixth count charges that the mine was not examined on the morning of the accident, as required by law, but as there was no evidence introduced in its support, the court instructed the jury to disregard it.

The counts allege loss of earnings, expense in being cured, and the character of plaintiff's injury.

To this declaration the general issue was filed.

On the trial the defendant requested the court to instruct the jury to disregard each count of the declaration severally. The court refused the first five of the instructions covering the first five counts of the declaration and gave the sixth.

The defendant requested the court both at the close of the plaintiff's testimony and the defendant's testimony to instruct the jury to find the defendant not guilty, but the court refused both instructions.

At the conclusion of plaintiff's testimony defendant moved the court to exclude all the evidence in relation to a timberman or the employment of a timberman in this mine and in relation to the duties of a timberman therein, because there is no allegation in the declaration to which it is pertinent.

This motion was denied and exception taken.

The defendant moved the court to exclude all the evidence with reference to conversations with the timberman with regard to the roof and with reference to his failure to set props.

This motion was denied and exception taken.

In his closing speech to the jury, the plaintiff's counsel dwelt upon the fact that defendant had not put its timberman on the stand. Defendant objected to the remarks, but the court refused to interfere, defendant saving an exception.

A verdict in favor of appellee was returned, on which judgment was entered, after denial of motion for a new trial. The jury returned with the general verdict special findings: First, that the sole cause of the injury was the failure of the defendant to prop the roof of the mine; second, that plaintiff was injured by a fall of slate from the roof; third, that the fall of slate was not one of the ordinary risks of plaintiff's employment.

CHARLES W. THOMAS, attorney for appellant.

W. E. HADLEY and HADLEY & BURTON, attorneys for appellee.

MR. JUSTICE SAMPLE DELIVERED THE OPINION OF THE COURT.
The appellant contends, first, that there is not a good count in the declaration; second, that the injury was the result of one of the usual risks of the service; third, that the court erred in not excluding certain evidence referred to in the statement, in not instructing the jury to find for the defendant, and in permitting counsel for plaintiff in the argument to the jury to refer to and base an argument upon the failure of the timberman to testify.

If it is assumed the first three counts fall within the rule of law laid down in Con. Coal Co. v. Young, 24 Ill. App. 255, and Same v. Scheller, 42 Ill. App. 619, which hold that there is no statutory or common law duty resting in mine owners to prop the roof "*so that the same would not fall,*" that is, that they were not insurers that the roof was absolutely safe, there were other good counts in the declaration. That is all the cases purport to hold in that regard. Those cases do not purport to hold the mine owners do not have to exercise reasonable care for the safety of their employes. In the Scheller case, *supra*, p. 630, it is said: "Where a timberman is employed, and the miners are thereby relieved of the duty and labor of setting props, as may be conceded was the case here, they are not also thereby relieved of the duty of observing the conditions and promptly reporting to the mine manager or *timberman* any signs of danger they may discover which requires his services." But, as further stated in that case, p. 638, "notice of its condition *before it fell* is not averred, whatever may have been intended;" and, as further held, there was no proof of actual notice, implied notice of the condition from lapse of time not being sufficient, as the failure to so notice the condition by the timberman would be merely his negligence, which, under authorities cited, it is stated could not be made the basis of a liability (p. 632). The fact, however, of a failure to give such actual notice is made to distinguish the case from that of C. & E. I. R. R. Co. v. Rung, 104 Ill. 641, wherein the company was held liable for the condition of an engine by reason of the fireman of the round house having notice. In San-

gamon Coal Mining Co. v. Wiggerhaus, 122 Ill. 285, on this point of notice, it is said : " It is insisted that notice to a co-servant of appellee is not notice to the common employer. We do not think it important to discuss the doctrine indicated by the objection urged. It is, we think, sufficient to say that when a duty is imposed upon and intrusted to an agent by a corporation, notice to such agent of matters falling within his line of duty, is notice to the corporation."

Now, in this case in hand, the fourth and fifth counts— more clearly in the fifth—do allege that defendant knew the roof, where plaintiff had to work, " was unsafe and dangerous and liable to fall upon the plaintiff," of which fact he was ignorant, and negligently left the said roof in that condition and failed to pull it down, whereby plaintiff, while in the exercise of due care, was injured by the roof falling on him.

The appellant company knew of the condition of the roof by actual notice to the timberman, whose duty it was to examine and fix the roof, who was explicitly told by one of the miners, five or six hours before the accident, that this particular part of the roof was unsafe and liable to fall. This was competent evidence under the fourth and fifth counts. The timberman did not take the witness stand and deny the fact of such notice. Appellee was ignorant of the condition until a moment before the accident, when he attempted to get out of the way and was caught, while in the exercise of due care. These facts, under the authority of Wiggerhaus, *supra*, make out a case of common law negligence, and create a liability. It is said, however, the declaration does not aver the duty of said timberman, and that the fourth count does not aver that appellee did not know the dangerous condition of the roof. It was not necessary to aver these facts, which were evidentiary in their nature. It is averred appellant knew of the condition of the roof before the accident. It was not necessary to aver the evidentiary facts showing how it knew. The C. C. Ry. Co. v. Jennings, 157 Ill. 274.

It is averred in the fourth count appellee was in the ex-

Consolidated Coal Co. of St. Louis v. Scheiber.

ercise of due care on his part. It was not, therefore, necessary to aver his knowledge or want of knowledge, or other facts, evidentiary, in support of that averment. This is expressly held in Con. Coal Co. v. Wambacher, 134 Ill., at p. 63.

Besides, if the fifth count was good, that is sufficient. Sec. 57, Chap. 110, Practice Act. The effect of the instructions to ignore each count was to confine the evidence to the good count or counts. Anderson v. Sample, 2 Gilm. 455. It is said there is no proof of the averment in these counts that appellant undertook to secure the roof, etc. The Scheller case holds, as above quoted, that the appointment of a timberman relieves the miners of that duty, thereby impliedly holding in such case, on notice, it became the duty of the company, through its agent appointed for that purpose. There was full proof as to his duty in such matters, on notice being given.

Counsel are in error in the position that this injury, under the proof, was one of the hazards of the service. A failure to perform an assumed duty, by which an injury results to one in the exercise of due care, creates a liability at common law. It is an ordinary hazard if an injury occurs where there is no such breach of duty, as if, without notice of the condition of the roof and appointment of a timberman to secure it on notice, the roof should fall and cause an injury.

Complaint is made that counsel for appellee was permitted to comment on the fact the timberman was not placed on the stand to testify as to notice to him of the condition of the roof, which fact of notice has been proven by two witnesses by the plaintiff. We do not understand this was error. The fabrication, suppression or withholding of evidence is properly the subject of inference. Winchell v. Edwards, 57 Ill. 41; I. M. Fire Ins. Co. v. Malloy, 50 Ill. 419; P., Ft. W. & C. Ry. Co. v. Callaghan, 50 Ill. App. 677.

Objection is made to an instruction given for plaintiff that permitted the jury to allow the necessary and reasonable expenses in being cured. Counsel says: "There was no evidence that plaintiff has been to any expense whatever."

The physician testified such services rendered were reasonably worth $400. The services were not paid, but there being a liability, the jury could consider them as paid. Dixon v. Bell, 1 Starkie's R. 387, cited in City of Chicago v. Honey, 10 Ill. App. 538.

The objection to the other instruction given, that it conflicted with the law as laid down in the Young and Scheller cases, *supra*, is not well taken. It was to the effect that defendant was required to use ordinary care and prudence to furnish plaintiff a reasonably safe place to work. This is in express accord with the Scheller case and other authorities cited.

Appellant's counsel makes no use of the rules of the company in his argument, and therefore we will give them no attention.

What has been said indicates there could not have been a judgment entered for the defendant on the special findings. The judgment is affirmed.