## Consolidated Coal Company of St. Louis v. William Carson and Elizabeth Carson.

1. ADMINISTRATORS—*Can not Maintain an Action, etc.*—An administrator can not maintain an action for damages arising from a violation of Sec. 14, Chap. 93, R. S., Entitled " Miners." ·

2. ACTIONS.—*Under the Mining Laws.*—No action can be maintained under the provisions of Sec. 14, Chap. 93, R. S., entitled "Miners," except for a willful violation of the statute or a willful failure to comply with its provisions.

3. MINES AND MINING—*Duty as to Propping the Roof.*—Chapter 93, R. S., entitled " Miners," imposes no duty upon the owner or operator to prop the roof of the mine to keep it safe.

**Actions for Personal Injuries.**—Appeal from the Circuit Court of St. Clair County; the Hon. ALONZO S. WILDERMAN, Judge, presiding. Heard in this court at the February term, 1896. Reversed and remanded. Opinion filed September 5, 1896.

CHARLES W. THOMAS, attorney for appellant.

An administrator can not maintain an action for damages arising from a violation of this act. Litchfield Coal Co. v. Taylor, 81 Ill. 590. ·

The father and mother of the deceased were not entitled to judgment on this verdict unless the declaration, as amended after verdict, sets out some one or more specific willful violations of the statute or a willful failure to comply with its provisions. The declaration, after it was last amended, proceeds upon the theory that the statute requires the operator of a coal mine to keep a roof safe by propping it. No such duty is imposed by law upon the owner or operator of a coal mine. Con. Coal Co. v. Yung, 24 Ill. App. 255 ; Con. Coal Co. v. Scheller, 42 Ill. App. 635.

No violation but a willful one will raise a cause of action. Hawley v. Dailey, 13 Ill. App. 391.

MARSHALL W. WEIR and WILLIAM A. RODENBERG, attorneys for appellees.

MR. PRESIDING JUSTICE GREEN DELIVERED THE OPINION OF THE COURT.

This cause was tried under an amended declaration, wherein William Carson, as administrator of Christopher Carson, is named as plaintiff, and which declaration is substantially as follows:

That on the 30th day of January, 1894, defendant was operating a certain coal mine and that Carson was in defendant's employ as a coal miner; that defendant had other employes to mine coal, and others to load the coal into boxes to be transported to the bottom of the shaft, and others to drive mules attached to said boxes, and others to build roads and drive and open entries, and others to set up props to prevent clod, dirt, coal, rock and other overhanging material from falling, and also had an employe who was manager of the said mine, commonly known as " pit boss," who was the master and director of the other employes, having power to employ, to discharge and control all of them; that it was the duty of the miners to mine coal, of the loaders to load the coal so mined upon boxes, and of the drivers to haul the coal to the pit bottom; of others to lay roads and set props to prevent the falling of clod, dirt, rock and other overhanging material; that it was the duty of said Carson to mine coal from said mine, and while he was so engaged there was overhanging him a large quantity of rock which was not propped up, by reason whereof, while said Carson was at work, with due care and caution on his part, under the direction of said pit boss, a large mass of rock from the roof of the mine fell on him and crushed his body so that he died; that the pit boss had knowledge of the unsafe condition of the mine in time to have prevented the falling of the rock by means of suitable props; that the deceased had notified the pit boss that the rock needed propping in time to have prevented the falling, and that the pit boss assured deceased he would attend to the matter and directed him to continue his work; that under the assurances and direction of the pit boss Carson continued to work until the falling of the rock; that the pit boss knew

the dangerous nature of the rock and had full control of
the employes whose duty it was to place the props; that
he neglected to order the said props to be set up, well
knowing the rock would fall and endanger or kill Carson;
that he permitted and directed him to continue his work,
whereby, by means of said neglect and knowledge and
direction and failure and neglect of the pit boss, said Car-
son, without any fault on his part, was killed by the fall of
the said rock; that said Carson left surviving him his
father, William Carson, and his mother, Elizabeth Carson,
and his four brothers. To the damage of the plaintiffs as
administrator, five thousand dollars; accompanied by a
tender of the letters of administration.

To this amended declaration defendant, on October 22,
1894, pleaded the general issue, and upon this issue a trial
was had, and the jury found defendant guilty, fixing the
plaintiff's damages at $500. After the rendition of this
verdict at the September term, 1895, and on the 27th day
of September, 1895, the defendant entered its motion in
arrest of judgment, because, "1st. The plaintiff, as ad-
ministrator of the deceased, Christopher Carson, had no
cause of action. 2d. Because the declaration is not suf-
ficient in law to support the verdict of the jury."

On December 26, 1895, the motion was argued and by
the court was taken under advisement, and immediately
after the argument, and on the same day, by leave of the
court, another declaration was filed, in which William Car-
son, father of said deceased, and Elizabeth Carson, mother
of the deceased, are plaintiffs, and in said declaration it is
averred:

That defendant, on the 30th day of January, 1894, at the
county of St. Clair, was the owner of and operating a cer-
tain coal mine, and that Carson was in its employ there as
a coal miner; that defendant had engaged certain employes
to mine coal, and to load the coal so mined into boxes, to be
transported to the bottom of the shaft, and other employes
to drive mules attached to said boxes, and other employes to
build roads and drive and open entries, and other employes

to set up props to prevent the clod, dirt, coal, rock and other overhanging material from falling; that defendant had also another employe, who was the manager of the mine, commonly known as pit boss, who was the master and director of the other employes, having power to employ, to discharge and control them; that it was the duty of the miners to mine the coal, and to load the said coal so mined upon boxes, and of the drivers to haul said coal to the pit bottom, and of others to lay roads and set props to prevent the falling of clod, dirt, rock and other overhanging material; that it was the duty of said Carson to mine coal in said mine, and while he was so engaged, there was overhanging him a large quantity of rocks, which was not propped up, and by reason whereof, while he was at work mining coal, with due care and caution, under the direction of the pit boss, a large mass of rock fell from the roof of the mine, falling on him and injuring him so that he died; that the pit boss had knowledge of the unsafe condition of the mine in time to have prevented the falling of the rock by means of suitable props; that Carson had notified said pit boss that the roof needed propping, in time to have prevented said fall of rock, and said pit boss assured deceased that he would attend to the matter before the same could fall, assuring deceased that there was no immediate danger of its falling, and directed him to continue his work therein, and that, relying upon said assurances, and upon the superior knowledge of said pit boss, the said Carson continued to work, under the commands and directions of the said pit boss, until the fall of the rock; and said pit boss, well knowing the dangerous condition of the said rock, having full control of the said employes, whose duty it was to prop the same, neglected to order said props to be set up, and knowing that said rock would fall and injure, or kill the said Carson, permitted and directed said Carson to continue said labor, wherefore, by means of the said neglect, and knowledge and direction, and of said failure of the said pit boss, the said Carson, without any fault on his part, was killed by the fall of the said rock; that Carson left no wife or lineal heirs, but left surviving

him, William Carson, his father, and Elizabeth Carson, his mother, who were dependent on him for support; and the plaintiffs claim damages in the sum of $5,000.

On the 28th day of December, 1895, said motion in arrest was denied, and judgment in favor of said new plaintiffs for $500, was entered upon the verdict. To this action and decision of the court defendant excepted, and took this appeal, assigning the following errors :

1st. The Circuit Court erred in denying the motion in arrest of judgment.

2d. In permitting the amendment to the declaration, after verdict.

3d. In entering judgment on the verdict against the defendant below, and in favor of the new plaintiffs substituted after verdict.

The second assignment of error is not referred to in the printed argument of appellant, and we are not asked to decide it, but the main objection to the decision of the trial court in denying the motion in arrest, and entering judgment on the verdict is, that the declaration, when amended, by changing plaintiffs, contained no averment that defendant willfully neglected to perform any duty the statute required it to perform, and hence no legal right to recover was shown. The original declaration named William Carson, administrator, as the sole plaintiff, but, after the argument was heard, on the motion in arrest, the names of the father and mother of the deceased were substituted as plaintiffs in place of the administrator, and they could only maintain an action as such parents, as persons dependent on deceased for support, under the provisions of Sec. 14, Chap. 93, entitled " Miners." This section provides that for any injury to person or property occasioned by any willful violation of this act, or any willful failure to comply with its provisions, a right of action shall accrue to the widow of deceased, or his lineal heirs, or to any person dependent on him for support. This statute names all the duties to be performed by the mine owner or operator, which were deemed necessary to be complied with for the proper and safe conduct of a dangerous business, but no duty is imposed

upon such owner or operator to prop the roof of the mine to keep it safe. Consolidated Coal Co. v. Yung, 24 Ill. App. 255; Same v. Schiller, 42 Ibid. 635.

The declaration avers it was by reason of neglect to prop the roof that the rock, which was part thereof, fell, and the injury to and death of Carson thereby resulted, and omits to aver such negligence was willful. As before said, no duty to prop the roof was by the statute imposed upon defendant, and it is only where the negligence is willful that a right to recover is given under said statute. Hence, because the action is brought by the amended declaration under the statute, and said declaration sets up no legal cause of action, as therein provided, the court erred in denying the motion in arrest of judgment. This opinion and decision does not conflict with that in Con. Coal Co. v. Scheiber, 65 Ill. App. 304, which was held to be a case of common law negligence, where the statutory provisions above mentioned did not apply.

The judgment is reversed and cause remanded.