### BROWN v. SUNDAY CREEK CO.

(Circuit Court, S. D. Ohio, E. D. November 30, 1908.)

#### No. 1,388.

DEATH (§ 31*)—ACTION FOR WRONGFUL DEATH—WHAT LAW GOVERNS—VIOLATION OF MINING LAW.

A right of action for wrongful death being purely statutory, the action must be brought by the person or persons designated by the statute, and an action for the death of a person through the negligence of a mine owner in failing to comply with the requirements of Rev. St. Ohio 1908, § 301, which provides that, in case of loss of life by reason of "willful neglect or failure" to so comply, "a right of action shall accrue to the widow and lineal heirs of the person whose life shall be lost," must be brought by the widow and children of the deceased, and cannot be maintained by his administrator, although Rev. St. Ohio 1908, §§ 6134, 6135, gives a right of action generally for wrongful death to the administrator for the benefit of enumerated members of the family or next of kin of the deceased.

[Ed. Note.—For other cases, see Death, Cent. Dig. § 38; Dec. Dig. § 31.*]

At Law. On demurrer to petition.

Sater & Seymour, for plaintiff.
W. O. Henderson, for defendant.

SATER, District Judge. The petition charges that the defendant willfully and carelessly neglected to hang and adjust, in the main entries of its mine, doors which would close of their own accord, to

---

have attendants at such doors to open and close them, to prevent them from staying open longer than was necessary for cars to pass through them, and to keep such doors closed and the mine free from fire, damp and gas, in consequence of all of which the circulation of air through the mine so failed that gas collected in large and dangerous quantities, which, exploding, caused the death of plaintiff's decedent, a track layer in such mine. The decedent left a widow and minor child surviving. The action is brought by his administrator for $10,000 damages for wrongful death.

The right of a decedent's personal representative to maintain an action and recover damages for death caused by wrongful act, neglect, or default is conferred by sections 6134 and 6135, Rev. St. Ohio 1908, the last of which sections provides that:

"Every such action shall be for the exclusive benefit of the wife, or husband, or children, or if there be neither of them, then of the parents and next of kin of the person whose death shall be so caused; and it shall be brought in the name of the personal representative of the deceased person; and in every action the jury may give damages not exceeding in any case $10,000," etc.

The petition is challenged by demurrer on three grounds: Want of legal capacity on the part of the plaintiff to sue, a defect of parties plaintiff, and insufficiency of facts to constitute a cause of action.

Subsequent to the enactment of sections 6134 and 6135, the General Assembly enacted sections 298 and 301, Bates' Ann. St. 1908, in which it named the duties to be performed by mine operators in the ventilation and lighting of mines. The negligence charged in the petition is the defendant's omission to perform some of the specifically designated statutory duties imposed by the last-named section. Following the recital of those duties, the section provides:

"For any injury to persons or property, occasioned by any violation of this act, or any willful failure to comply with its provisions by any owner, agent or manager of any mine, a right of action shall accrue to the party injured, for any direct damage he may have sustained thereby; and, in any case of loss of life, by reason of such willful neglect or failure aforesaid, a right of action shall accrue to the widow and lineal heirs of the person whose life shall be lost, for like recovery of damages for the injury they shall have sustained."

Consideration of the demurrer necessarily involves an analysis of the several above-mentioned sections of the Ohio statute. Sections 6134 and 6135 are general, while those relating to mines and miners are special. The latter control as to all cases especially enumerated in them, while the former sections, being general, embrace all other cases. Litchfield Coal Co. v. Taylor, 81 Ill. 599; Maule Coal Co. v. Partenheimer, 155 Ind. 100, 55 N. E. 751, 57 N. E. 710. In the former sections the amount recoverable is limited to $10,000; in the latter it is not limited. The former sections give a right of action for mere negligence. 13 Cyc. 318. Section 301, in case of loss of life, by express language gives such right for willful negligence only. Himrod Coal Co. v. Schroath, 91 Ill. App. 231; Consolidated Coal Co. v. Carson, 66 Ill. App. 434; Carterville Coal Co. v. Abbott, 181 Ill. 502, 503, 55 N. E. 131; Odin Coal Co. v. Denman, 185 Ill. 413, 57 N. E. 192, 76 Am. St. Rep. 45, 13 Cyc. 319; Thompson on Negligence, § 4185. Sec-

tion 6135 requires the action to be brought by the personal representative of the deceased for the exclusive benefit of the persons therein designated, and no other person can maintain the action. Weidner v. Rankin, 26 Ohio St. 522. No such provision is found in section 301.

A right of action for injuries resulting in the death of the party injured arises out of statute, for, at common law, the death of a human being, though clearly involving pecuniary loss, is not the ground of an action for damages. Mobile Life Ins. Co. v. Brame, 5 Otto, 754, 24 L. Ed. 580; 13 Cyc. 310, 311. Such right of action being purely statutory, the action must be brought by the person or persons designated in the statute, and consequently a suit for damages resulting from the death of the person injured through the negligence of a mine owner can be maintained only by those empowered by the statute to bring it. White on Personal Injuries in Mines, § 10; 13 Cyc. 329. Such has been the uniform ruling in states having mining statutes analogous to those of Ohio. See Indiana and Illinois cases cited supra; also, Boyd, Adm'r, v. Brazil Coal Co., 25 Ind. App. 157, 57 N. E. 732; Collins Coal Co. v. Hadley, Adm'x, 38 Ind. App. 637, 75 N. E. 832, 78 N. E. 353; Hamman v. Central Coal & Coke Co., 156 Mo. 232, 56 S. W. 1091; Missouri & Illinois Coal Co. v. Schwalb, 77 Ill. App. 593; Thompson on Negligence, §§ 4184, 7061.

This action is brought by the decedent's administrator, but the facts pleaded make it a case of willful negligence under the Ohio mining act. In so far as reported cases disclose, no Ohio court has ruled on the question here presented. As will appear, however, from an examination of the cases above cited, brought under the mining acts of Indiana, Illinois, and Missouri, each of which states has a general statute also, whose provisions are substantially the same as those of sections 6134 and 6135, Rev. St. Ohio, it has repeatedly been expressly held, and rightly so, that, in a case such as is made in the petition, the administrator is not the proper person to sue, has no standing in court, and is not entitled to recover.

Demurrer sustained.